# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4397-15T3

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

       Plaintiff-Respondent,

  v.

S.P.,

       Defendant-Appellant,

  and

Y.M.,

       Defendant.
_____

IN THE MATTER OF P.P., S.P., O.P.,
R.P. and A.K.B.,

       Minors.
_____

       Submitted October 11, 2017 — Decided October 18, 2017

       Before Judges Fisher and Sumners.

       On appeal from the Superior Court of New
       Jersey, Chancery Division, Family Part,
       Atlantic County, Docket No. FN-01-0172-10.

       Joseph E. Krakora, Public Defender, attorney
       for appellant (Anthony J. Vecchio, Designated
       Counsel, on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kimberly S. Dinenberg, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Todd Wilson, Designated Counsel, on the brief).

PER CURIAM

This action, commenced by the Division of Child Protection and Permanency, asserted that defendants Y.M. and S.P. abused or neglected their infant child R.P., who was born in January 2010 and who sustained skull and rib injuries at three different times within a two-week period in or around April 2010. This is now the third time the matter has come before us.

On the first occasion, we granted leave to appeal and summarily reversed an order entered in favor of defendants because the trial judge's findings "d[id] not account for" N.J.S.A. 9:6-8.46(a)(2), which, as we then said, specifies that when the Division submits "'proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent,' such proofs 'shall be prima facie evidence that a child . . . is an abused or neglected child.'" Following that remand, the judge concluded the shifting of the burden of

2                                                    A-4397-15T3

persuasion to defendants compelled a finding that defendants abused or neglected the child. Also, after providing defendants with the opportunity to present expert testimony, the judge reversed herself and precluded that testimony.

That determination prompted the second appeal. For reasons set forth in an unpublished opinion, we agreed that the burden of persuasion was properly shifted to defendants but concluded that the trial judge erred in refusing defendants the opportunity to provide expert testimony to contest the cause of the child's injuries. N.J. Div. of Youth & Family Servs. v. Y.M. and S.P., Nos. A-3450/3507-11 (App. Div. Jan. 15, 2014).

Following that remand, another judge conducted a three-day hearing that included expert testimony from both defendants and the Division. By way of his written opinion, Judge Jeffrey J. Waldman explained how the defense expert had failed to persuade him that defendants had not abused or neglected the child.

Defendant S.P. appeals,[1] arguing only:

> THE TRIAL COURT ERRED IN FINDING THAT [S.P.] ABUSED AND NEGLECTED HIS CHILDREN BECAUSE THERE WAS NO EVIDENCE PRESENTED THAT HE CAUSED THE INJURIES TO [R.P.] AND WHERE [S.P.] PRESENTED EXPERT TESTIMONY EXPLAINING POTENTIAL CAUSES OF THE INJURY OTHER THAN ABUSE.

---

[1] Only S.P., the child's father, appeals. The child's mother, Y.M., had appealed past rulings but does not now appeal.

We find insufficient merit in this argument to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Judge Waldman's findings were based on substantial evidence he found credible and, for that reason, we must defer to those findings. Cesare v. Cesare, 154 N.J. 394, 411-12 (1974); N.J. Div. of Youth & Family Servs. v. H.B., 375 N.J. Super. 148, 172 (App. Div. 2005). Finding no principled reason for second-guessing the judge's findings or the conclusions drawn from those findings, we reject defendant S.P.'s arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION